UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>(Rural Development)<br><br>    Plaintiff<br><br>      v.<br><br>THE ESTATE OF MARIA LUISA<br>MONTALVO AVILES a/k/a MARIA L.<br>MONTALVO AVILES a/k/a MARIA<br>MONTALVO AVILES composed by her<br>known heirs WALDEMAR DIAZ<br>MONTALVO, HECTOR D. ASENCIO<br>MONTALVO, and ERNESTO ASENCIO<br>MONTALVO,<br><br>    Defendants | CIVIL NO. 05-1739(JP)<br><br>FORECLOSURE OF MORTGAGE |

**JUDGMENT BY DEFAULT**

Upon Plaintiff's motion for judgment, and it appearing from the records on file in this proceeding that default was entered by the Clerk of this Court upon Defendants WALDEMAR DIAZ MONTALVO, HECTOR D. ASENCIO MONTALVO, ERNESTO ASENCIO MONTALVO, for failure to answer or otherwise plead in this case, against which Defendants the Plaintiff is entitled to a Judgment by Default, and the Court being fully advised in the premises, hereby

ORDERS, ADJUDGES, AND DECREES:

1. On August 2, 1979, original borrower subscribed a Mortgage Note for the principal amount of $28,800.00 with interest at the rate of 9.0% per annum.

2. Said Mortgage Note was subscribed in favor of or to the order of Rural Development, an agency and instrumentality of the United States of America.

CIVIL NO. 05-1739 (JP)            2

3. For the purpose of securing the payment of said note a mortgage was constituted by Deed Number 110, dated August 2, 1979 before the Notary Public Carlos J. Cordova, over the following real property:

> **URBANA: Solar marcado con el numero VEINTE (20) del Bloque "B" del Plano de Inscripción de la Urbanización Ana Maria situada en el Barrio Pueblo del Municipio de Cabo Rojo, Puerto Rico, con una cabida superficial de DOSCIENTO S SESENTA Y CUATRO METROS CUADRADOS CON NOVENTA Y TRES CENTIMETROS CUADRADOS en lindes por el Norte en veinte metros setenta y un centímetros con la Calle número cinco; por el Sur, en veinticuatro metros cincuenta centímetros con el solar número diez y nueve; por el Este, en nueve metros con ocho centímetros con el solar veintiuno; y por el Oeste, en nueve metros setenta y siete centímetros con la calle número cinco.**
>
> **En este solar enclava una casa de concreto dedicada a vivienda solamente.**

Plaintiff's first mortgage is recorded at folio 283rs, volume 331 of Cabo Rojo, property number 11,151, fourth inscription, at the Registry of the Property of San Germán, Puerto Rico.

Plaintiff's second mortgage is recorded at folio 285rs, volume 331 of Cabo Rojo, property number 11,151, fourth inscription, at the Registry of the Property of San Germán, Puerto Rico.

4. On September 8, 1988, the Defendants assumed the First Mortgage Note for the amount of $27,074.11 with interest at the rate of 9.50% per annum. Said Assumption Agreement and Mortgage Note, was constituted by Deed Number 92 dated September 8, 1988, before Notary Public Agustin Silva Montalvo.

5. The Defendants herein owners of record of this property have failed to comply with the terms and conditions of the mortgage

contract and have refused to pay the stipulated monthly

CIVIL NO. 05-1739 (JP)            3

installments, in spite of Plaintiff's demands and collection efforts.

    6. According to the terms and conditions of the mortgage contract if default is made in the payment of an installment under the note, and said default is not made good prior to the due date of the next installment, the entire principal sum and accrued interest shall at once become due and payable at the option of the holder.

    7. The Defendants' indebtedness with the Plaintiff is:

    (1) <u>On the first mortgage note in the amount of $28,800.00</u>:

        a) $20,630.29 of aggregate principal;

        b) $3,484.82 of interest accrued as of August 2, 2004, and thereafter until its full and total payment, which interest amount increases at the daily rate of $5.37;

        c) $19,900.00, of subsidy recapture;

        d) Plus insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligations.

    (2) <u>On the mortgage mortgage note in the amount of $5,000.00</u>:

        a) $ 3,642.99 of aggregate principal;

        b) $615.37 of interest accrued as of August 2, 2004, and thereafter until its full and total payment, which interest amount increases at the daily rate of $.95;

        c)  $3,749.60, of subsidy recapture;

        d) Plus insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligations.

8. Defendants, as debtors of the amounts prayed for in the complaint, are hereby ORDERED AND ADJUDGED to pay unto the Plaintiff the amounts specified and set forth in the preceding paragraph 6.

9. In default of the payment of the sums herein specified or of any part thereof within the ten (10) days from the date of entry of this judgment, said property shall be sold by the Marshal of this Court at public auction to the highest bidder thereof, without an appraisement or right of redemption for the payment and satisfaction of Plaintiff's mortgage within the limits secured thereby.

10. The Marshal of this Court shall make the sale hereinabove mentioned in accordance with 28 U.S.C. Section 2001 and Section 2002 and the applicable provisions of the Commonwealth of Puerto Rico Mortgage Law.  The notice of sale shall be published in a newspaper of general circulation once a week during four (4) consecutive weeks.  The amount of $28,800.00 and $5,000.00 respectively shall serve as the minimum bid for the first public sale.  Should the first public sale fail to produce an award or adjudication, two-thirds of the aforementioned amount shall serve as the minimum bid for the second public sale.  Should there be no award or adjudication at the second public sale, the basis for the third sale shall be one-half of the amount specified as minimum bid for the first public sale.  The Marshal of this Court shall proceed to issue the corresponding notice of sale to be published in a newspaper of general circulation without the need of further orders or writs from this Court.  Such sale shall be subject to the

CIVIL NO. 05-1739 (JP)            5

confirmation of this Court. Upon confirmation the Marshal shall execute the corresponding deed of judicial sale to the purchaser and he shall be entitled to the delivery of the property sold and its physical possession, in accordance with law.  Said possession may be obtained through eviction of the occupant of the property without the need of further order of this Court if executed within sixty (60) days from the confirmation of the public sale.

11. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of this Court shall be applied as follows:

a) To the payment of all proper expenses attendant upon said sale;

b) To the payments of that part of the indebtedness owed to the Plaintiff in the same order and for the amounts specified, and set forth in the preceding paragraph 6;

c) If after making the above payments there shall be surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the Court;

d) In the case the proceeds from the said sale are not sufficient to cover the full amounts owing to the Plaintiff, the Plaintiff shall be entitled to a deficiency judgment against the Defendant and shall have execution therefor.

12. The Property Registrar of the corresponding Property Registry of Puerto Rico shall proceed to the recording of the judicial sale deed in favor of the purchaser, free of any liens subsequent to the date of the execution of the foreclosed mortgage.

13. Plaintiff in these proceedings may apply to this Court for

CIVIL NO. 05-1739 (JP)                6

such further orders as it may deem advisable to its interest in accordance with the terms of this Judgment and the Clerk shall proceed to issue of course all necessary writs to enforce and execute the same.  Fed. R. Civ. P. 77(a).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of September, 2005.

                                                  S/ Jaime Pieras, Jr.
                                                    JAIME PIERAS, JR.
                                        U.S. SENIOR DISTRICT JUDGE